## Tredway v. Eldridge et al. No. 1.

*Foreign attachment — Practice — Affidavit of cause of action—When not necessary — Burden of proof — When writ will not be dissolved — Acts of May 15, 1874, June 13, 1836, P. L. 572, March 30, 1905, P. L. 76, and June 21, 1911, P. L. 1097.*

1. A writ of foreign attachment can now issue in all cases *ex delicto* and *ex contractu* against a defendant who is out of the county, and an affidavit of cause of action need not be filed before the writ is issued in cases *ex contractu* or in cases *ex delicto* against non-residents under the Act of March 30, 1905, P. L. 76.

2. In a foreign attachment *ex delicto*, the burden is on the plaintiff to prove that the defendant was a resident of the Commonwealth and removed after having become liable to an action *ex delicto*, and in the absence of such proof, it cannot be assumed that the Act of May 15, 1874, P. L. 183, applied and that the affidavit required by it should have been filed before the writ issued.

3. Although the sheriff's return to a writ of foreign attachment shows service on the defendant in person and presumably in the county, it does not follow that he was in the county when the writ issued, even if service was on the same day, as he may have come in later.

4. The defendant having failed to prove that an affidavit of cause of action should have been filed or that the defendant was in the county when the writ of foreign attachment issued, it will not be dissolved for these alleged reasons.

Rule to quash writ of foreign attachment. C. P. Lancaster Co., Dec. T., 1924, No. 41.

J. Andrew Frantz, for rule; Charles W. Eaby, contra.

HASSLER, J.—We are asked to dissolve this writ of foreign attachment for two reasons, which are: First, it was issued without an affidavit having been

Tredway v. Eldridge et al. No. 1.

filed, as required by the Act of May 15, 1874, § 2, P. L. 183; and second, the Acts of 1836, 1905 and 1911 do not permit a writ of foreign attachment to issue against one who is in the county at the time it was issued.

There is nothing before us to show that the defendant is a person against whose property no writ of foreign attachment can issue until an affidavit has been filed under the Act of May 14, 1874, P. L. 183. A writ of foreign attachment can issue without an affidavit of cause of action: Eberly v. Rowland, 1 Pearson, 312; Lansford Borough v. Jones, 5 Dist. R. 483; except in actions ex delicto, where the defendant, "being a resident of this Commonwealth, shall have removed therefrom after having become liable in an action ex delicto." The Act of May 15, 1874, P. L. 183, requires an affidavit in such cases before the writ can issue, which affidavit must be to the truth of the claim, and that the plaintiff "believes that the person (defendant) has removed to escape service of process to answer for such alleged tort."

The burden is upon the plaintiff to prove that the defendant was a resident of this Commonwealth and removed therefrom after having become liable in an action ex delicto, and that the plaintiff believes he has removed from this State to escape service of process to answer for said tort. As he did not prove these facts, we cannot assume that the defendant came within the provisions of the Act of 1874. So that no affidavit was required to be filed before the writ could issue. A writ of foreign attachment can now issue in all cases ex delicto as well as in all cases ex contractu under the Act of March 30, 1905, § 1, P. L. 76.

The Acts of 1836 and 1905, as contended by defendant's attorney, forbid the issuing of a writ of foreign attachment against one who is in the county. The Act of March 30, 1905, P. L. 76, provides that the writ of foreign attachment may be issued against the real or personal estate of any person not residing within the Commonwealth and not being within the county in which such writ shall issue at the time of the issuing thereof.

The defendant has failed to prove that he was in this county when the writ was issued. The sheriff's return shows that "one Chevrolet touring car, New Jersey license D-2094, was attached Nov. 28, 1924, at 6.15 P. M., in the hands of Jack Eldridge, the garnishee, and at the same time the writ was served upon Jack Eldridge, the defendant." The presumption is that the sheriff served the writ in this county, and it follows that Jack Eldridge, garnishee (the garnishee and the defendant being the same person), was in this county when it was served. But, assuming this to be competent proof of that fact, it does not prove that he was in the county when the writ was issued, even though the service was on the same day. He may have been here, but it is just as proper to assume that he was not in the county nor even in the State at the time the writ was issued. If it is proper to assume that a defendant was in this county when a writ of foreign attachment was issued because he was here later in the day, when it was served, it would be most difficult to maintain a writ of foreign attachment, because a defendant can easily come from a neighboring state or county into this county on the same day the writ is issued at a later hour.

The defendant having failed to prove either of the allegations which he contends would justify us in striking off the writ of foreign attachment, or, more properly, in dissolving it, we discharge the rule to show cause why it should not be done. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.